## THE STATE v. RIDLEY MABREY.

Where, upon some words between husband and wife he threatened to *leave* her, and used to her very improper language, when she started to go off, and he caught her by the left arm, and said he would kill her, drawing his knife with the other hand ; then, holding her, struck at her with the knife, but did not strike her, and again drawing back as if to strike, his arm was caught by a bystander ; but after all, no injury or blow was inflicted : *Held,* to have been a case in which the Courts will interfere, and that the husband was guilty of assault.

(*State* v. *Rhodes*, Phil. 453, distinguished.)

ASSAULT, tried before *Watts, J.,* at Spring Term 1870, of HALIFAX Court.

The jury found, by a special verdict, that on the 7th day of June 1869, at the house of the defendant, &c., the latter and his wife had some words and he threatened to leave her; after some very improper language by him, she started off, when he caught her by the left arm, and said he would kill her, and drew his knife and struck at her with it, but did not strike her ; that he drew back as if to strike again, and his arm was caught by a bystander, whereupon the wife got away and ran about fifteen steps; that the defendant did not pursue her, but told her not to return, if she did he would kill her ; that he did not strike her, or inflict any personal injury, and that he was a man of violent character, &c., &c.

His Honor thereupon being of opinion that the defendant was not guilty, there was a Verdict and Judgment accordingly ; and the Solicitor for the State appealed.

*Attorney-General,* for the State.
*R. B. Peebles* and *Rogers & Batchelor, contra.*

READE, J. The facts present a case of savage and dangerous outrage, not to be tolerated in a country of laws and

Christianity. We rigidly adhere to the doctrine, in *State* v. *Rhodes*, Phil. 453, and precedent cases in our reports, that the Courts will not invade the domestic forum, to take cognizance of trifling cases of violence in family government; but there is no relation which can shield a party who is guilty of malicious outrage or dangerous violence committed or threatened. In *State* v. *Rhodes*, the jury had been charged that " the husband had the right to whip his wife with a switch no larger than his thumb." In combatting that error, the Court said : " A light blow, or many light blows with a stick larger than the thumb, might produce no injury ; but a switch half the size might be so used as to produce death. The standard is the *effect produced*, and not the manner of producing it, or the instrument used." Those words were used as applicable to the facts in that case. But on the argument at the bar in this case, they were perverted to mean that in any case, no matter what weapon was used or from what motive or intent, unless permanent injury were inflicted, the Court would not interfere therefore, *here*, although death was threatened and a deadly knife used, yet as it was averted by a bystander, the Court will not interfere. We repudiate any such construction of the *State* v. *Rhodes*.

Upon the special verdict there ought to have been judgment against the defendant.

Let this be certified, &c. There is error.

PER CURIAM.                                                    Error.