STATE OF NORTH CAROLINA v. LINDA COBLE LINDLEY

No. 8515SC1372

(Filed 17 June 1986)

**Burglary and Unlawful Breakings § 1; Husband and Wife § 11.1— separated spouses—wife breaking into husband's home—prosecution proper**

Defendant could properly be indicted for and convicted of felonious breaking or entering, though she was married to the occupier of the premises broken into and the owner of the antique guns carried away and the common law ordinarily precludes conviction of a wife for stealing her husband's goods,

since the parties' separation agreement specifically withdrew consent to defendant's entry of the subject premises; defendant and the victim were not "as one person in the law"; and the legal effect of the separation agreement was completely explained to defendant.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 2 May 1985 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 6 May 1986.

Defendant, Linda Coble Lindley, was indicted for and convicted of felonious breaking and entering, G.S. 14-54 and felonious larceny, G.S. 14-72. Defendant was sentenced to two three-year presumptive terms to run concurrently. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Kathryn L. Jones, for the State.*

*R. Nelson Richardson, for defendant appellant.*

JOHNSON, Judge.

Defendant assigns error to the trial court's denial of two motions, (1) a motion to quash the indictment and (2) a motion made at the close of all the evidence to dismiss the charge of felonious breaking and entering. The issue dispositive of both of defendant's assignments of error is whether an unconsented to entry of premises, which is *expressly* prohibited by a marital separation agreement and the taking and carrying away of antique guns valued at over $4,500.00 is sufficient to indict for and submit charges to the jury of felonious breaking and entering and felonious larceny.

The thrust of defendant's argument is that since she was married to the occupier of the premises broken into and the owner of the antique guns carried away, the common law precludes prosecution of her despite the express withdrawal of consent to her entry of the subject premises as stated in the separation agreement. Our decision is rendered accordingly.

A bill of indictment may be quashed if no crime is charged. *See generally, State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972). The true bill returned by the grand jury against defendant in the case *sub judice,* was in pertinent part as follows:

Date of Offense: Nov. 9, 1982 offense in violation of G.S. 14-54(a); 14-72(b)(2); 14-72(c).

I. The jurors for the State upon their oath present that on or about the date of the offense shown and in the county named above the defendant named above unlawfully, wilfully and feloniously did break and enter a building occupied by William L. Lindley used as a dwelling located at Hwy. 62 S., Alamance, North Carolina with the intent to commit a felony therein: larceny.

II. And the jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did steal, take and carry away assorted items listed on the attached Exhibit 1, which exhibit is incorporated in this Indictment by reference as if fully set forth on the face thereof.

The personal property of William L. Lindley having a value of $4,551.00 dollars, pursuant to the commission of felonious breaking and entering described in Count I above.

Defendant, in her brief, cites various treatises and *State v. Fulton*, 149 N.C. 485, 63 S.E. 145 (1908), for the proposition "that the wife cannot be convicted for stealing her husband's goods, the reason being that husband and wife were considered but as one person in law." *Fulton, supra*, at 489, 63 S.E. at 146. Defendant argues extensively that it would undermine the unity of the family to abrogate the common law principle of *Fulton, supra*. Defendant, by her entry into the marital separation agreement, has made her case factually distinguishable from the common law principle stated in *Fulton, supra*, and through said agreement relinquished the following aspects of her marital status:

WHEREAS, unhappy differences have arisen between the parties which have caused them to separate from each other on the 5th day of March, 1982, and that such differences are now so pronounced and of such a nature that a reconciliation between the parties is impossible, and *they, after full deliberation, have deemed that they should separate from each other and continue to live separate and apart from each other for the remainder of their natural lives, that they should ter-*

*minate the marital relationship*, and that a continued and permanent separation each from the other is necessary for the health, happiness, and mental and physical well being of the parties hereto. . . .

1. AGREEMENT TO LIVE SEPARATE AND APART. The HUSBAND and WIFE *shall live separate and apart from each other in the same manner and to the same extent as though they had never been married to each other, and neither shall in any wise molest, disturb, or intrude without invitation upon the presence of the other,* each being free to reside at such place or places and to associate with such person or persons as he or she may desire, all free from any restraint or interference, direct or indirect, on the part of the other.

. . . .

4. REAL PROPERTY. The parties hereto currently own as tenants by the entirety a house and lot located in Alamance, North Carolina. *It is understood and agreed by and between the parties that the HUSBAND shall have the exclusive use and possession of said realty, free from any and all interference by the WIFE. . . . It is further agreed that the WIFE will not, without express invitation* or as is necessary to pick up the children for visitation as outlined below, go upon the premises or in said house.

. . . .

9. PROPERTY RELEASE. . . . The WIFE *does hereby release, convey, and quitclaim to the HUSBAND all right of dower and any and all other common law,* constitutional or statutory rights afforded a wife in lieu thereof or in the nature thereof, together with any and all rights, title, interest, and estate whatsoever which she now has or may hereafter acquire in and to any and all property, whether real or personal, the HUSBAND now owns or has any interest in or which she may hereafter acquire. . . .

. . . .

12. DISCLOSURE. The provisions of this Agreement and their legal effect *have been fully explained* to the parties and each party hereby acknowledges that the Agreement is fair and equitable; that there has been full disclosure of all assets of

both parties and that this Agreement is being entered into voluntarily and that it is not the result of any misrepresentations, fraud, duress, coercion or undue influence.

Defendant's separation agreement clearly shows that there is no family unity left to undermine. The legal effect of said agreement was completely explained to her. Thus, defendant and Mr. Lindley were not "as one person in the law." *Fulton, supra,* at 489, 63 S.E. at 146. Therefore, the indictment of defendant for feloniously breaking and entering of the premises that Mr. Lindley was dwelling in had exclusive possession of and which defendant had no consent to enter therein to commit larceny was proper in form and did charge defendant with a crime. The indictment of defendant for felonious larceny was also proper in form wherein said indictment charged defendant with taking and carrying away Mr. Lindley's personal property valued at $4551.00. We hold that the trial court was correct in denying defendant's motion to quash the indictment, alleging that defendant committed offenses in violation of G.S. 14-54 and 14-72, since defendant had unequivocally relinquished those aspects of marital status which under the common law of this State as it exists now would have barred prosecution of said offenses.

We now turn to the court's denial of defendant's motion to dismiss the felonious breaking and entering charge against defendant. Defendant contends that the State failed to present any evidence that defendant's presence was unlawful. Defendant argues that there is no evidence presented that her entry of the premises in question was not authorized under the separation agreement. We disagree.

When a trial court passes on a defendant's motion to dismiss, the evidence must be considered in the light most favorable to the State and the State is entitled to every reasonable inference therefrom. *See State v. Easterling,* 300 N.C. 594, 268 S.E. 2d 800 (1980). The evidence when viewed in the light most favorable to the State tends to show that on 8 November 1982, William L. Lindley's dwelling place was entered by defendant; that Mr. Lindley did not consent to defendant's entry of his dwelling; and that defendant did not enter Mr. Lindley's dwelling for purposes of exercising her visitation rights under the separation agreement.

No error.

Judges WEBB and WHICHARD concur.