STATE OF NORTH CAROLINA v. TRAVIS OSBORNE PHILLIPS

No. 139PA88

(Filed 26 July 1989)

**Criminal Law § 138.7— non-capital case—use of victim impact statements**

A defendant being sentenced for placing LSD in a pot of coffee at a campus restaurant at Applachian State University did not show that he was prejudiced by the use of victim impact statements at the sentencing hearing. Defendant was shown the victim impact statements at the sentencing hearings; he objected to their admission but did not move for a continuance to seek evidence in rebuttal or to issue subpoenas for the persons who made the statements; it cannot be said that the court would have denied such a motion had it been made; the two victims testified at trial to the things that were contained in the victim impact statements and were cross-examined by defendant's attorney; and the court did not find an aggravating factor based on the evidence adduced by the victim impact statements.

**Am Jur 2d, Criminal Law § 527.**

ON writ of certiorari to review the decision of the Court of
Appeals reported at 88 N.C. App. 526, 364 S.E. 2d 196 (1988),
which found error in the defendant's sentencing hearing before
*Griffin (Kenneth A.), J.*, at the 23 February 1987 Session of Superior
Court, WATAUGA County. Heard in the Supreme Court 14 March
1989.

The defendant was convicted of possession of a controlled
substance, a violation of N.C.G.S. § 90-95(a)(3), and placing a con-
trolled substance in a position of human accessibility, a violation
of N.C.G.S. § 14-401.11(a)(2). The evidence showed the defendant
and one other person placed Lysergic Acid Diethylamide (LSD)
in a pot of coffee at the Sweet Shop, a restaurant on the campus
of Appalachian State University. At least eight people drank coffee
from the coffeepot and had drug-induced hallucinations as a result.

After the defendant was convicted a sentencing hearing was
held. The evidence showed that the defendant had two prior convic-
tions. Ben Blackburn, a victim-witness coordinator, testified and
the State put into evidence through him two victim impact
statements. One of the statements was by A. V. Mosteller. Mr.
Mosteller said that as a result of ingesting the LSD he has had
strange abnormal dreams, that several times weekly he has severe
headaches lasting up to thirty-six hours, that his vision seems to
be impaired and that worries him because he is a truck driver,
that he now is afraid to eat away from home and that he fears
he will have a flashback while he is driving a truck which could
result in a serious injury. Mr. Mosteller said he had lost $160.00
in wages. Abigail Sheets made a statement in which she described
her experiences in hallucinating after ingesting the LSD, her fear
of eating in public places and her distrust of people which has
developed as a result of the incident. She also told of how her
grades had suffered and testified that she had incurred a medical
bill of $105.00 as a result of ingesting the LSD.

The superior court found as an aggravating factor that the
defendant had a prior conviction or convictions of criminal offenses
punishable by more than sixty days confinement. It found as a
mitigating factor that the defendant had been a person of good
character and reputation in the community in which he lived. The
court found the aggravating factor outweighed the mitigating factor
and imposed the maximum sentence on each charge with the
sentences to be served consecutively.

The Court of Appeals found no error in the trial but held there was error in the sentencing hearing which required a new hearing. This Court allowed the State's petition for certiorari.

*Lacy H. Thornburg, Attorney General, by Debra C. Graves, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for the defendant appellee.*

WEBB, Justice.

The Court of Appeals did not hold that a victim impact statement may not be used at a sentencing hearing. Relying on the confrontation clause of the Sixth Amendment to the United States Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution as well as the law of the land clause of Article I, Sec. 19 of the Constitution of North Carolina, the Court of Appeals held that a defendant must be given prior notice of any victim impact statement which is to be used at a sentencing hearing.

N.C.G.S. § 15A-825 provides for the use of victim impact statements and, pursuant to N.C.G.S. § 15A-1334(b) which provides that formal rules of evidence do not apply at sentencing hearings, hearsay evidence can be used at such hearings. *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980). The use of hearsay evidence at sentencing hearings does not violate the Constitution of the United States. *Williams v. New York,* 337 U.S. 241, 93 L.Ed. 1337 (1949). In *Booth v. Maryland,* 482 U.S. 496, 96 L.Ed. 2d 440 (1987) the United States Supreme Court held that the Eighth Amendment to the United States Constitution proscribes the use of victim impact statements at the penalty phase of death cases but specifically said it implied no opinion as to the use of such evidence in noncapital cases. The Sixth Amendment does not include the right to discovery or notice of evidence to be presented. *Pennsylvania v. Ritchie,* 480 U.S. 39, 94 L.Ed. 2d 40 (1987).

The Court of Appeals said it failed "to see how the defendant was prejudiced by the trial court's action" and we agree with them, in part because the court did not find an aggravating factor based on the evidence adduced by the victim impact statements. The defendant had the right to have brought to his attention all

information received by the court which tended to aggravate punishment with the full opportunity to refute or explain it. *State v. Pope*, 257 N.C. 326, 126 S.E. 2d 126 (1962). We do not believe the defendant has shown he was deprived of this right. He was shown the victim impact statements at the sentencing hearings. He objected to their admission but he did not move for a continuance to seek evidence in rebuttal or to issue subpoenas for the persons who made the statements. Indeed, the last thing the defendant may have wanted was to have the victims appear in person. We cannot say the court would have denied such a motion if it had been made by the defendant. In addition, the two victims testified at trial to the things that were contained in the victim impact statements and they were cross-examined by the defendant's attorney. The matters contained in the victim impact statements were thus brought to the court's attention without the victim impact statements being introduced. *State v. Chapman*, 294 N.C. 407, 241 S.E. 2d 667 (1978). We hold the defendant has not shown he was prejudiced by the sentencing hearing in this case.

We reverse the Court of Appeals and remand for remand to the superior court for reinstatement of the judgments.

Reversed and remanded.