STATE OF NORTH CAROLINA v. MARYLIN RUDD MAHALEY

No. COA95-816

(Filed 21 May 1996)

**1. Robbery § 5 (NCI4th)— spouses exempted from larceny prosecutions—rule inapplicable to armed robbery**

The common law rule exempting spouses from prosecution in larceny cases in order to preserve family unity did not apply to these prosecutions, since defendant was convicted of robbery with a dangerous weapon, a crime involving dangerous violence and an offense mainly against the person rather than against property.

**Am Jur 2d, Robbery § 5.**

**2. Robbery § 32 (NCI4th)— robbery with dangerous weapon— spouse as victim—indictment proper**

An individual may be indicted and convicted of robbery with a dangerous weapon against his or her spouse.

**Am Jur 2d, Robbery § 41.**

**3. Criminal Law § 980 (NCI4th)— judgments arrested—death sentence vacated—arrested judgments properly set aside**

Arresting conspiracy and robbery judgments did not operate to vacate the verdicts which remained intact and viable after defendant's death sentence was reversed; therefore, it was proper for the trial court to set aside the arrested judgments and sentence defendant for conspiracy to commit murder and robbery with a dangerous weapon.

**Am Jur 2d, Criminal Law § 524.**

Appeal by defendant from judgments and commitments entered 1 May 1995 by Judge J.B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 26 March 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Debra C. Graves, for the State.*

*Robert E. Collins for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted for first degree murder, conspiracy to commit murder and robbery with a dangerous weapon. The jury returned guilty verdicts on all counts. The court sentenced the defendant to death for the murder conviction and arrested judgment on the other charges. Defendant appealed her murder conviction to the North Carolina Supreme Court, which upheld the conviction but vacated the sentence. On remand, defendant received a life sentence. Subsequently the State moved to set aside the judgment in arrest in the conspiracy and robbery charges and impose sentences for those convictions. On 1 May 1995 a hearing was held by Judge J.B. Allen after which he imposed consecutive sentences for the crimes. Defendant appeals.

The Supreme Court provided a detailed recitation of the facts in this matter the first time it was up on appeal. *See State v. Mahaley*, 332 N.C. 583, 587-90, 423 S.E.2d 58, 60-62 (1992), *cert. denied,* —— U.S. ——, 130 L. Ed. 2d 649 (1995).

[1, 2] In her first assignment of error, defendant contends that the trial court erred in denying her motion to dismiss the charge of robbery with a dangerous weapon. She argues that her marriage to the victim is an absolute bar to a robbery prosecution under the common law rule that a spouse cannot be found guilty of stealing his or her spouse's property.

Defendant is correct in her assertion that under the common law, spouses could not be prosecuted for crimes committed against the property of the other because the law viewed them as one person. *See State v. Fulton*, 149 N.C. 485, 489, 63 S.E. 145, 146 (1908); *see also State v. Lindley*, 81 N.C. App. 490, 494, 344 S.E.2d 291, 293 (1986) (acknowledging the larceny rule but finding "no family unity left to undermine" because parties had separated). However, at common law one could be found guilty of assault or other acts of "malicious outrage or dangerous violence" against a spouse. *State v. Mabrey*, 64 N.C. 592, 593 (1870).

Despite defendant's implication that we should treat this action in the same manner as a pure theft or larceny case, we decline. Defendant's crime involved more than just stealing her spouse's property. A jury found her guilty of robbery with a dangerous weapon, most assuredly a crime involving "dangerous violence." Her contention that she should not be held responsible for armed robbery due to family unity strains reason.

"In an indictment for robbery with firearms or other dangerous weapons (G.S. 14-87), the gist of the offense is not the taking of personal property, but a taking or attempted taking by force or putting in fear by the use of firearms or other dangerous weapon." *State v. Harris*, 8 N.C. App. 653, 656, 175 S.E.2d 334, 336 (1970). While robbery can be classified as an offense against both person and property, it is primarily an offense against the person. 77 CJS Robbery § 2 (1994).

Since we determine that armed robbery is mainly an offense against the person, we hold that the common law rule exempting spouses from prosecution in larceny cases in order to preserve family unity does not apply to these prosecutions. We further hold that an individual may be indicted and convicted of robbery with a dangerous weapon against his or her spouse. This assignment of error is overruled.

[3] In her second assignment of error, defendant contends that the trial court erred in setting aside the arrests of judgment and imposing sentences for the conspiracy and robbery convictions. She argues that the effect of arresting a judgment is that the verdict and sentence are vacated. We hold that this issue is controlled by *State v. Pakulski*, 326 N.C. 434, 390 S.E.2d 129 (1990).

In *Pakulski*, the defendant was convicted of felony murder based on felonious larceny and felonious breaking and entering. *State v. Pakulski*, 319 N.C. 562, 564, 356 S.E.2d 319, 321 (1987). Judgment was arrested on the larceny and breaking and entering charges since they were the underlying felonies to the felony murder charge. *Id.* The defendant was sentenced to life for the murder and appealed. *Id.* The Supreme Court reversed the felony murder conviction and remanded for a new trial. *Id.* at 576, 356 S.E.2d at 327. After a mistrial, the State prayed for judgment on the breaking and entering and larceny convictions. *Pakulski*, 326 N.C. at 436, 390 S.E.2d at 130. The trial court imposed consecutive ten year sentences for these crimes, *id.* at 438, 390 S.E.2d at 131, and the defendant appealed. Our Supreme Court concluded that "the sentencing was proper in this case because judgment was arrested only because 'these offenses formed the offenses upon which the convictions of felony murder were predicated.' " *Id.* (quoting *State v. Pakulski*, 319 N.C. at 564, 356 S.E.2d at 321).

In *Pakulski* the defendant made the same argument that Ms. Mahaley presents to us: that an arrest of judgment vacates the verdict. The *Pakulski* Court explained, "While we agree that in certain

cases an arrest of judgment does indeed have the effect of vacating the verdict, we find that in other situations an arrest of judgment serves only to withhold judgment on a valid verdict which remains intact." *Id.* at 439, 390 S.E.2d at 132.

We conclude that the present case is one such situation where the verdicts remained intact after the arrest of judgments. The record indicates that the conspiracy and robbery judgments were arrested only because defendant was sentenced to. death. At the outset of the sentencing hearing on 1 May 1995, Judge Allen, the same judge who had earlier arrested the judgments, found as fact that "in view of the fact that she was sentenced to death . . . , the Court arrested judgment."

Therefore, in this case, arresting the judgments did not operate to vacate the verdicts, which remained intact and viable after defendant's death sentence was reversed. We hold that it was proper for the trial court to set aside the arrested judgments and sentence the defendant for conspiracy to commit murder and robbery with a dangerous weapon. This assignment of error is overruled.

No error.

Judges EAGLES and McGEE concur.