STATE OF NORTH CAROLINA v. HAROLD VERNARD QUICK

No. COA96-611

(Filed 18 March 1997)

1. **Criminal Law § 1063 (NCI4th Rev.)— sentencing hearing— not calendered—not prejudicial**

Defendant was not prejudiced by any error at his sentencing proceeding when the judge sentenced defendant on an arrested judgment for a robbery conviction without calendering or otherwise notifying defendant of the hearing where the hearing took

place immediately after defendant was sentenced to life in prison on a first-degree murder charge; the evidence supporting the only aggravating factor concerning a prior conviction was the same as that heard with regard to sentencing for the murder conviction; defendant was not deprived of an opportunity to refute or explain evidence of the prior conviction; and defendant did not argue that the aggravating factor was improper, did not object at the sentencing hearing, and did not move for a continuance to seek evidence in rebuttal.

**Am Jur 2d, Criminal Law §§ 525 et seq.**

2. **Indigent Persons § 14 (NCI4th)— sentencing hearing— armed robbery—no appointment of counsel—representation on murder charge—absence of prejudice**

An indigent defendant was not prejudiced by the trial court's failure to appoint counsel to represent him at his sentencing hearing for armed robbery where counsel was appointed to represent defendant at the sentencing hearing for first-degree murder; defendant was convicted of the murder under theories of premeditation and deliberation and felony murder; the robbery charge was the underlying felony for the felony murder charge; the evidence supporting the aggravating factor for the robbery was the same evidence heard with regard to the sentence for the murder charge; and both the murder and robbery offenses were so inextricably intertwined that representation for one was tantamount to representation for the other.

**Am Jur 2d, Criminal Law § 735.**

3. **Criminal Law § 990 (NCI4th Rev.)— robbery conviction— arrested judgment—subsequent imposition of sentence**

The trial court could properly sentence defendant for armed robbery, even though a different judge had previously arrested judgment on that charge, when defendant's death sentence on a related first-degree murder charge was set aside and a sentence of life imprisonment was imposed. Arresting a judgment does not vacate the verdict, which remains viable and intact.

**Am Jur 2d, Criminal Law §§ 580 et seq.**

Appeal by defendant from judgment and sentence entered 27 September 1995 by Judge William H. Helms in Richmond County Superior Court. Heard in the Court of Appeals 20 February 1997.

*R. Thomas Nichols, Jr. for defendant-appellant.*

*Michael F. Easley, Attorney General, by Melanie L. Vtipil, Associate Attorney General, for the State.*

WYNN, Judge.

In August 1987, a jury found defendant guilty of first degree murder based on both premeditation and deliberation and felony murder. The jury also returned a guilty verdict on the charge of robbery with a dangerous weapon and recommended that defendant be sentenced to death. Superior Court Judge Edward K. Washington entered a death sentence on the murder charge and arrested judgment on the robbery conviction.

On appeal, the Supreme Court of North Carolina found error in the sentencing phase of defendant's trial and remanded the case for a new sentencing hearing. After the second sentencing hearing, the jury again recommended, and the judge entered, a death sentence on the murder charge.

The defendant appealed a second time and again our Supreme Court found error and remanded for a new sentencing hearing. This time however, the jury could not agree on the sentence of death. As a result, Superior Court Judge William H. Helms, presiding over defendant's third sentencing hearing, sentenced him to life in prison for first degree murder. Thereafter, upon motion by the State, Judge Helms entered judgment on the robbery conviction for which judgment had been previously arrested and sentenced defendant to forty years to run consecutively with the life sentence. Defendant now appeals the entry of judgment and the imposition of a sentence on the robbery charge.

Defendant raises three issues on appeal: Whether the trial court erred by (I) sentencing him for armed robbery when the case was not calendared, (II) sentencing him without appointing counsel for the armed robbery conviction, and (III) sentencing him when a different judge had previously arrested judgment. We find no prejudicial error.

As a preliminary matter we note that "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Lane,*

39 N.C. App. 33, 38, 249 S.E.2d 449, 452-53 (1978) (quoting *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962)).

## I.

**[1]** Defendant first contends that the trial court erred when it entered judgment against him on the robbery conviction without notice that it would be considered that day and where it did not appear on the court calendar for that day. We disagree.

The only case defendant cites in support of his position, is *State v. Phillips*, 88 N.C. App. 526, 532, 364 S.E.2d 196, 199-200 (1988), where this Court held that "in order to preserve a defendant's constitutional right to confrontation and cross-examination, a defendant must be given reasonable notice and knowledge of the statements that are to be used against him during the sentencing phase." *Id.* at 532, 364 S.E.2d at 199-200. Our Supreme Court, however, reversed noting that while "[t]he defendant had the right to have brought to his attention information received by the court which tended to aggravate punishment with the full opportunity to refute or explain it . . . [w]e do not believe the defendant has shown he was deprived of this right." *State v. Phillips*, 325 N.C. 222, 224-25, 381 S.E.2d 325, 326 (1989). Since defendant was shown the statements in question at the sentencing hearing and, although he objected to their admission, he failed to move for a continuance to seek evidence in rebuttal, the Court in *Phillips* held that the defendant had not been prejudiced by the sentencing hearing. *Id.* at 225, 381 S.E.2d at 327.

In the instant case, the record indicates that the only factor found in aggravation for the armed robbery conviction was that the defendant has a prior criminal conviction punishable by more than 60 days confinement. The evidence to support that aggravating factor appears to have been the same as that heard with regard to sentencing for the murder conviction. There is nothing in the record to indicate that defendant was deprived of the full opportunity to refute or explain the evidence presented at the sentencing hearing regarding his prior conviction. Moreover, defendant makes no argument that this aggravating factor was improper with regard to the murder conviction, nor did he object to this aggravating factor for armed robbery at the sentencing hearing and move for a continuance to seek evidence in rebuttal. Accordingly, assuming error on this issue, we nonetheless conclude that defendant has not shown that he was prejudiced at his sentencing hearing.

## II.

**[2]** Defendant next contends that the entry of judgment for the armed robbery conviction was improper because he was indigent and no counsel had been appointed for that case. We disagree.

N.C. Gen. Stat. § 7A-451(a)(1) (1995) provides that an indigent person is entitled to counsel in "[a]ny case in which imprisonment, or a fine of five hundred dollars ($500.00), or more, is likely to be adjudged." This entitlement continues through sentencing. N.C.G.S. § 7A-451(b)(5). "The purpose of the statutory provision for appointment of counsel, at public expense, for indigent defendants is to put indigent defendants on an equality with affluent defendants in trials upon criminal charges." *State v. Mems*, 281 N.C. 658, 673, 190 S.E.2d 164, 174 (1972).

The record in this case reveals that R. Thomas Nichols and Kelly Williams were appointed to represent defendant after his second death sentence was reversed and did, in fact, represent defendant at his third sentencing hearing. After the trial court imposed a life sentence, the following exchange took place:

MR. BREWER [Attorney for the State]: The armed robbery sentence was stayed after the entry of the trial. There's been no entry in the armed robbery.

THE COURT: Anybody care to be heard on that?

MR. BREWER: I believe Your Honor heard the testimony of the prior convictions, and we'd ask you to give him the 40 year sentence to run to expiration.

THE COURT: The Court finds the Defendant has a prior criminal record, punishable by more than 60 days confinement, that there are no mitigating factors.

On the robbery conviction, let the Defendant be imprisoned in the State Department of Corrections for the term of 40 years.

The murder conviction, let him be imprisoned for the remainder of his natural life, for the remainder of the sentence imposed for robbery, and give him credit for any time spent awaiting trial.

MR. NICHOLS [Attorney for the defendant]: On the armed robbery, the sentence?

STATE v. QUICK

[125 N.C. App. 654 (1997)]

THE COURT: It will be perfected within the time provided by the rules.

MR. NICHOLS: I'll read the law.

THE COURT: I'll appoint you to represent him on the appeal. No appeal bond, no appearance bond. Credit for any time spent awaiting trial.

As the record indicates, no new evidence as to factors in aggravation was presented on the robbery charge and defendant does not contend that he was deprived of the full opportunity to refute or explain the evidence against him for this aggravating factor on the murder charge. The robbery charge in question is the underlying felony for which the jury found the defendant guilty of first degree murder based on the felony murder rule. As the State points out, both offenses are inextricably intertwined and representation for one is tantamount to representation for the other. Since nothing in our examination of the record indicates that the defendant was not adequately represented by counsel at the sentencing hearing, we hold that the defendant was not prejudiced by his sentencing hearing.

III.

[3] Defendant's final contention is that the trial court erred by sentencing him for robbery when a different judge had previously arrested judgment. He argues that the effect of the arrested judgment was to vacate the verdict and therefore, it was improper for the arrested judgment to be set aside by another judge. We disagree.

In *State v. Mahaley*, 122 N.C. App. 490, 470 S.E.2d 549 (1996), this Court considered the effect of arrested judgments in a situation surprisingly similar to the subject case. In *Mahaley*:

Defendant was indicted for first degree murder, conspiracy to commit murder and robbery with a dangerous weapon. The jury returned guilty verdicts on all counts. The court sentenced the defendant to death for the murder conviction and arrested judgment on the other charges. Defendant appealed her murder conviction to the North Carolina Supreme Court, which upheld the conviction but vacated the sentence. On remand, defendant received a life sentence. Subsequently the State moved to set aside the judgment in arrest·in the conspiracy and robbery charges and impose sentences for those convictions. On 1 May 1995 a hearing was held by Judge J.B. Allen after which he imposed consecutive·sentences for the crimes.

*Id.* at 491, 470 S.E.2d at 550. In that case, the defendant argued that the effect of arresting a judgment was to vacate the verdict and sentence. *Id.* at 492, 470 S.E.2d at 551. The *Mahaley* court concluded that "arresting the judgments did not operate to vacate the verdicts, which remained intact and viable after defendant's death sentence was reversed" and held that "it was proper for the trial court to set aside the arrested judgments and sentence the defendant for conspiracy to commit murder and robbery with a dangerous weapon." *Id.* at 493, 470 S.E.2d at 551-52.

Since we find *Mahaley* controlling, we hold that the trial court did not err in sentencing defendant for robbery even though judgment had been previously arrested by another judge.

For the foregoing reasons, we find that the defendant received a fair trial, free from prejudicial error.

No prejudicial error.

Judges LEWIS and MARTIN, Mark D. concur.