STATE OF NORTH CAROLINA v. STEPEN KERNAL SINGS

No. COA06-554

(Filed 6 March 2007)

**1. Sentencing— noncapital—hearsay testimony—Confrontation Clause—not violated**

    Hearsay testimony at a noncapital sentencing hearing that a witness had been offered a bribe by defendant did not violate the Confrontation Clause. The standard outlined in *State v. Bell*, 359

———————————————

STATE v. SINGS

[182 N.C. App. 162 (2007)]

N.C. 1, was clearly intended only for capital sentencing hearings and is not extended to noncapital hearings.

## 2. Sentencing— evidence—witness's fear of defendant

There was no error in a sentencing hearing where testimony was admitted that a witness had left town because of fear of defendant. The Rules of Evidence do not apply to sentencing hearings.

Appeal by defendant from judgment entered 29 June 2005 by Judge Albert Diaz in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 January 2007.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Gary R. Govert, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant-appellant.*

HUNTER, Judge.

Stepen[1] Kernal Sings ("defendant") appeals from a judgment sentencing him to 140 to 177 months' imprisonment for voluntary manslaughter. For the reasons stated herein, we affirm the judgment of the trial court.

On 27 April 2005, defendant entered a plea of no contest to a charge of voluntary manslaughter for the shooting of Nicholas McKay ("decedent"). Under his plea agreement, defendant also stipulated to a Prior Record Level of IV and to three aggravating factors alleged in the indictment. Further, the agreement stated that counsel for both defendant and the State would present evidence about the appropriate sentence, which the agreement explicitly stated would be within the presumptive or aggravated range.

At defendant's sentencing hearing, the court admitted testimony by Lamont McGuiness ("McGuiness"), cousin to decedent and the only eyewitness to the crime. Two pieces of testimony were ad-

---

1. We note that defendant was indicted under the name Stephen Kernal Sings, and most all documents refer to defendant as Stephen Kernal Sings. However, the **judgment** of conviction in this case refers to defendant as Stepen Kernal Sings. As we use the **name** on the **judgment** in the captions of appellate opinions, defendant's name appears as Stepen Kernal Sings on the caption. Neither party has raised any issues related to the discrepancy in the names. We do encourage all parties, however, to ensure a defendant's correct name is placed on all court documents to help facilitate appellate review.

mitted over defendant's objections: First, that some time after the shooting, defendant offered McGuiness $1,000.00 not to testify against him (via an intermediary), and second, that McGuiness left Charlotte after the shooting because he was afraid defendant would hire someone to kill him.

The State also presented evidence as to the three aggravating factors included in the plea agreement: (1) at the time of the shooting, defendant was on pretrial release for a charge of cocaine trafficking, (2) defendant was on pretrial release for a charge of possession with intent to sell and deliver cocaine, and (3) decedent was a witness against defendant in connection with the latter charge. Defendant was sentenced in the aggravated range to imprisonment for 140 to 177 months. Defendant appeals that sentence.

I.

[1] Defendant first argues that McGuiness's testimony regarding the attempted bribe by defendant was admitted in violation of the Confrontation Clauses of the federal and state constitutions[2] (Sixth Amendment and Art. I, § 23, respectively) and that, as a direct result of this error, defendant was sentenced in the aggravated range. This argument is without merit.

When asked whether he had contact with defendant after the shooting, McGuiness testified that "I had a girl and a guy come by my house, and was talking to me, asking me what happened, and then said that she talked to [defendant] on the phone, and that he offered me a Thousand Dollars . . . not to testify."

Per statute, the Rules of Evidence do not apply at sentencing hearings. N.C. Gen. Stat. § 8C-1, Rule 1101(b)(3) (2005); N.C. Gen. Stat. § 15A-1334(b) (2005). Thus, the fact that this testimony constitutes hearsay would not govern its admissibility at the sentencing hearing. In addition, in *State v. Phillips*, 325 N.C. 222, 381 S.E.2d 325 (1989), our Supreme Court held that *no* hearsay evidence—testimonial or not—violates the Confrontation Clause. *Id.* at 224, 381 S.E.2d at 326 ("[t]he use of hearsay evidence at sentencing hearings does not violate the Constitution of the United States").

---

2. Although defendant cites to both federal and state constitutions at the beginning of his brief, in the remainder he argues only the applicability of the federal constitution. As a general rule, the two clauses are construed by this Court and the Supreme Court as having no significant differences. *See State v. Nobles*, 357 N.C. 433, 435, 584 S.E.2d 765, 768 (2003). As such, our consideration of defendant's arguments refers to the federal version only.

Defendant correctly notes that our Supreme Court in one case applied the Confrontation Clause and the standard outlined by *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004), to testimony given at a sentencing hearing in a capital case. *State v. Bell*, 359 N.C. 1, 36, 603 S.E.2d 93, 116 (2004), *cert. denied*, 544 U.S. 1052, 161 L. Ed. 2d 1094 (2005). Defendant urges this Court to extend this application to noncapital sentencing hearings.

However, the Court's ruling in *Bell* is clearly intended to apply only to *capital* sentencing hearings. When the Court discusses *Crawford's* requirement that a witness be unavailable to testify, it specifically states that the requirement comes into play " '[o]nce the [S]tate decides to present the testimony of a witness to a *capital sentencing jury*[.]' " *Id.* at 35, 603 S.E.2d at 116 (emphasis added; citation omitted). In light of this language, we see no basis for extending this ruling to noncapital sentencing hearings. As such, we find no error in the trial court's admission of the testimony regarding the alleged bribe attempt.

## II.

**[2]** As to the second piece of testimony, in which McGuiness claimed he left town "[o]ut of fear" because "[p]eople tried to get close to me that [defendant] might hire[,]" defendant argues only that the testimony was "speculative" and "unreliable." We find this argument to be without merit. As mentioned above, the Rules of Evidence do not apply to sentencing hearings, and a trial judge has "wide latitude" in what evidence he admits in such hearings. *See State v. Smith*, 352 N.C. 531, 554, 532 S.E.2d 773, 788 (2000).

Because we find that the trial court did not err in admitting the testimony at issue, we affirm the trial court's judgment.

Affirmed.

Judges WYNN and STEELMAN concur.